UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

331 PARTNERS, LLC,
a Georgia Limited Liability Company,

    Plaintiff,

v.                                                                  Case No.: _____

331 FREEPORT PARTNERS, LLC,
a Florida Limited Liability Company,

    Defendants.
_____/

# COMPLAINT FOR DECLARATORY RELIEF

Pursuant to 28 U.S.C. § 2201(a) and Rule 57, Federal Rules of Civil Procedure, Plaintiff 331 Partners, LLC sues Defendant 331 Freeport Partners, LLC for declaratory relief and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure, involving damages in excess of the jurisdictional limits of $75,000, exclusive of interests, costs, and attorneys' fees.

2. Venue is proper in the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1391(b) because this is the judicial district

in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

3. Venue for this action is proper in the Pensacola Division of this Court because the events and property giving rise to the action occurred in Walton County, Florida.

4. Plaintiff seeks a declaration under 28 U.S.C. § 2201 of certain rights, duties, and liabilities of Plaintiff and Defendant under a duly executed Vacant Land Contract (the "Contract") relating to the sale of real estate located in Walton County, Florida.

**PARTIES**

5. Plaintiff is and has been at all times material a Georgia registered limited liability company with its headquarters in Atlanta, Georga. Plaintiff and all its members are Georgia residents for purposes of determining citizenship pursuant to 28 U.S.C. § 1332, to wit:

    a. Plaintiff's sole member is DCAR LLC. DCAR LLC is a Georgia registered limited liability company with its headquarters in Atlanta, Georgia; and

    b. The sole member of DCAR LLC is Don Carll, an individual who resides in Georgia.

6. Defendant is and has been at all times material to this action a Florida registered limited liability company. All of the members of Defendant are citizens of Florida.

7. Complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

**FACTUAL BACKGROUND**

8. Plaintiff and Defendant are parties to the Contract. The Contract provides Plaintiff with the right to purchase approximately 1,034.89 acres of real estate along Highway 331 in Freeport, Florida (the "Property").

9. The Property is more particularly described by the Legal Description of Property attached hereto as Exhibit "1."

10. Defendant, as Seller, signed the Contract on July 2, 2021.

11. Plaintiff, as Buyer, signed the Contract on July 6, 2021.

12. Plaintiff, as Buyer, deposited the required $50,000 earnest money with the escrow holder on July 9, 2021.

13. Plaintiff and Defendant agreed that the purchase price of the Property shall be determined as either: (*a*) a price set for a single closing purchase of the entire Property at the initial closing ("One Closing Price"); or (*b*) a price set for up to four (4) installment purchases ("Installment Price") as set forth under the terms of the Contract and the exhibits thereto.

14. Both the purchase price of the Property and the value of the Property exceed $75,000.

15. The Contract provides Plaintiff with a period of due diligence to inspect the Property (the "Inspection Period") to determine the Property's suitability—in Plaintiff's sole discretion—until the later of (*a*) 120 days from the Effective Date of the Contract, that is, from July 6, 2021, or (*b*) the date on which Plaintiff received certain approvals from the City of Freeport, Florida (the "City"), as to various development plans associated with the Property (the "Approvals").

16. The Contract defines the Approvals as being (*a*) approvals from the City, Walton County, or such other governmental authority with appropriate jurisdiction, of the buyer's master development plan for the Property; or (*b*) final approval from the City of Plaintiff's master development plan together with City-approved concurrency availability and an approved Chapter 163 Developer's Agreement with the City.

17. The Contract provides that Defendant may force Plaintiff to decide whether to accept the Contract under Section 4 of Exhibit A to the Contract, which affords Defendant the option at certain times and under certain circumstances to require Plaintiff to determine whether to proceed with the Contract and make the Additional Earnest Money Deposit or to terminate the Contract without waiting for the City's Approval (the "Trigger Notice").

18.     The Contract further states, "In the event after One Hundred Fifty (150) days after the Effective Date the Seller determines in its reasonable discretion that (i) the City Approval is not available within the next ninety (90) days or will not be obtainable by the parties after diligent application, or (ii) water/sewer availability is not available or obtainable by the parties for the Property (or, if the parties agree in writing, the portion of the Property for the first Designated Takedown by the first Designated Takedown date), then Seller may elect to require Buyer to make its determination within the Inspection Period whether to proceed with the Agreement and make the Additional Earnest Money Deposit whereupon the Earnest Money would be at risk subject to the terms and conditions herein, or to terminate the Agreement, without waiting for the City Approval, whereupon Buyer must make such election within thirty (30) days of notice or Seller may terminate the Agreement of right."

19.     The same Section 4 requires that Plaintiff must "make such election within thirty (30) days of notice or Seller may terminate the Agreement of Right."

20.     In an apparent attempt to send a Trigger Notice, Defendant sent an email to Plaintiff on June 15, 2023, announcing that the City's approval of Plaintiff's development plan was not available within the next 90 days and demanding Plaintiff's election to make its determination whether to proceed with the Contract and made an additional earnest money deposit under the Contract's terms.

21. This Trigger Notice was false, at least in part, because Defendant did not exercise reasonable discretion and because the City agreed to provide the requisite sewer services contemplated by the Contract.

22. Despite the fact that Defendant's Trigger Notice was false, Plaintiff provided timely notice of its intent to proceed with the Agreement on July 17, 2023.

23. Specifically, the 30th day after Defendant's false Trigger Notice fell on July 15, 2023, which was a Saturday.

24. Section 11 of Exhibit A to the Contract states, "any time periods provided for or dates specified in this Contract . . . which shall end or occur on a Saturday, Sunday, or national legal holiday (see 5 U.S.C. 6103) shall extend until 5:00 p.m. (where the Property is located) of the next business day."

25. Thus, Plaintiff had until 5:00 p.m. (central) on Monday, July 17, 2023, to elect whether to proceed with the Contract or terminate the Contract.

26. Plaintiff timely and properly elected to proceed under the Contract by providing its written response on Monday, July 17, 2023 (the "Trigger Response").

27. Plaintiff also deposited an additional $200,000 earnest money deposit with the designated escrow holder on August 14, 2023.

28. Notwithstanding Plaintiff's election to proceed with the Contract pursuant to the Trigger Response, Defendant informed Plaintiff that it would no

longer honor the terms and conditions of the Contract but would instead consider the Contract as terminated.

29. Plaintiff wishes to exercise its rights under the Contract.

30. Plaintiff has complied with all conditions precedent to the Contract and intends to enforce the Contract.

31. Defendant refuses to abide by its obligations under the Contract.

## COUNT I
## DECLARATORY RELIEF

32. Plaintiff re-alleges paragraphs 1 through 31 above as if stated in full herein.

33. Plaintiff seeks a declaration from this Court that Defendant is obligated to abide by the terms and conditions of the Contract, including but not limited to allowing Plaintiff the right to exercise its option to purchase the Property under the terms and conditions of the Contract.

34. This demand for declaratory relief is not made for the purpose of seeking a legal opinion, but is needed to resolve an existing dispute that creates doubt between the parties as to their legal rights, responsibilities and obligations.

35. All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

36. An adequate remedy at law does not exist.

37. Plaintiff requests that this Court determine Plaintiff's rights under the Contract, including:

   a. Whether the Trigger Response was sufficient to maintain the Contract as an executory contract;

   b. Whether Defendant's purported termination of the Contract was, as a matter of law and fact, an effective termination of the Contract;

   c. Whether the Contract is still an executory contract; and

   d. Whether the parties continue to be obligated to abide by the terms and conditions of the Contract.

37. Plaintiff has retained the law firm of Beggs & Lane, RLLP to protect Plaintiff's interests related to the Contract and Plaintiff is obligated to pay Beggs & Lane reasonable attorneys' fees for its professional services.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court adjudicate and decree as follows:

   A. That Plaintiff's Trigger Response was sufficient to maintain the Contract as an executory contract;

   B. That Defendant's purported termination of the Contract was not an effective termination of the Contract;

C. That the Contract is still an executory contract;

D. That the parties are obligated to abide by the terms and conditions of the Contract, including but not limited to allowing Plaintiff the right to exercise its option to purchase the Property under the terms and conditions of the Contract; and

E. That this Court award Plaintiff its taxable costs and reasonable attorneys' fees; and,

F. Grant Plaintiff such further relief as this Court deems just and proper.

Dated this 27th day of December, 2023.

Respectfully submitted,

*/s/   Charles T. Wiggins*
CHARLES T. WIGGINS
Florida Bar No. 220000
ctw@beggslane.com
MATTHEW P. MASSEY
Florida Bar No. 1008337
mpm@beggslane.com
BEGGS & LANE RLLP
501 Commendencia Street
Pensacola, FL  32502
T: (850) 432-2451
F: (850) 469-3331
*Attorneys for 331 Partners, LLC*