UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**331 PARTNERS, LLC**,

    **Plaintiff**,

v.                                        Case No. 3:23cv24769-TKW-ZCB

**331 FREEPORT PARTNERS, LLC**,

    **Defendant**.

_____/

## ORDER DENYING ATTORNEY'S FEES

This case is before the Court based on the Plaintiff's motion to determine entitlement to attorney's fees (Doc. 56) and Defendant's response in opposition (Doc. 59). Upon due consideration of these filings and the entire case file, the Court finds that the motion is due to be denied.

### Background

In July 2021, Plaintiff contracted with Defendant to purchase a large tract of vacant land owned by Defendant in Walton County. The contract (Doc. 45-1) provided an open-ended "inspection period" for Plaintiff to determine the suitability of the property for its intended use, but it also authorized Defendant to force Plaintiff to decide whether to continue with the contract (and deposit additional earnest money that would then be "at risk") by sending Plaintiff a so-called "trigger notice" after a specified number of days in the inspection period.

In June 2023, Defendant sent the trigger notice to Plaintiff. Plaintiff timely responded to the trigger notice and paid the additional deposit to continue with the contract. Nevertheless, Defendant informed Plaintiff it considered the contract terminated and it thereafter refused to cooperate with Plaintiff's efforts to obtain development approval for the property.

In response, in December 2023, Plaintiff filed a complaint in this Court seeking a declaration that the contract was still in force. After an extended period of discovery, the parties filed cross-motions for summary judgment. In due course, the Court granted Plaintiff's motion, denied Defendant's motion, and entered a judgment declaring that the contract "was valid from the outset and is still in force" and that "[t]he parties remain obligated to abide by the terms and conditions of the contract." Docs. 53, 54.

Plaintiff thereafter filed a motion to determine its entitlement to attorney's fees. The motion is fully briefed and is ripe for ruling. No hearing is needed to rule on the motion.

## Analysis

Under Florida law,[1] each side is typically responsible for paying its own attorney's fees, but "[c]ourts can order losing parties to pay victors' fees … if there

---

[1] The contract provides that it "will be construed under Florida law," Doc. 45-1 at 5 (¶16), and "in diversity cases a party's right to attorney's fees is determined by reference to state law," *Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008)

is a contractual or statutory basis for doing so." *Azalea Trace, Inc. v. Matos*, 249 So. 3d 699, 701 (Fla. 1st DCA 2018). Contractual fee-shifting provisions "must be strictly construed." *B & H Const. & Supply Co. v. Dist. Bd. of Trustees of Tallahassee Cmty. Coll., Fla.*, 542 So. 2d 382, 387 (Fla. 1st DCA 1989). Thus, "if an agreement for one party to pay another party's attorney's fees is to be enforced it must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable." *Sholkoff v. Boca Raton Cmty. Hosp., Inc.*, 693 So. 2d 1114, 1118 (Fla. 4th DCA 1997).

Here, Plaintiff argues that it is entitled to an award of attorney's fees under paragraph 17 of the parties' contract,[2] which provides in pertinent part that "[i]n any litigation permitted by this Contract, the prevailing party shall be entitled to recover from the non-prevailing party costs and fees, including reasonable attorney's fees." Doc. 45-1 at 6 (¶17). Defendant does not dispute that Plaintiff is the prevailing party in this case, but it contends that Plaintiff is not entitled to award of attorney's fees under the contract because this declaratory judgment action is not "litigation permitted by th[e] Contract." The Court agrees with Defendant.

---

[2] Plaintiff also cites §57.105(7), Fla. Stat., in its motion, but that statute has no bearing on its entitlement to fees because the statute's sole purpose is to "render[] bilateral a unilateral contractual clause for prevailing party attorney's fees," *Indem. Ins. Co. of N. Am. v. Chambers*, 732 So.2d 1141, 1143 (Fla. 4th DCA 1999), and the fee provision in the parties' contract is already bilateral. Moreover, it is well-established that §57.105(7) "is not an independent source for the award of legal fees." *Int'l Fidelity Ins. Co. v. Americaribe-Moriarty*, 906 F.3d 1329, 1336 (11th Cir. 2018) (citing *Fla. Hurricane Prot. & Awning, Inc. v. Pastina*, 43 So. 3d 893, 895 (Fla. 4th DCA 2010)).

3

The only provision of the contract that specifically authorizes litigation between the Buyer (Plaintiff) and Seller (Defendant) is paragraph 16,[3] which establishes the parties' remedies in the event of a default by the other party. Most pertinent here is paragraph 16(a), which provides that "[i]f Seller fails, neglects, or refuses to perform Seller's obligations under this Contract, Buyer may elect to receive a return of Buyer's deposit(s) without thereby waiving any action for damages resulting from Seller's breach and *may seek to recover such damages or seek specific performance*." Doc. 45-1 at 5-6 (¶16(a)) (emphasis added). Thus, the only litigation "permitted by" this paragraph is an action seeking damages or specific performance.

This declaratory judgment action did not seek to recover damages, nor did it seek specific performance of the contract.[4] Thus, under the plain language of paragraph 16(a), this litigation was not "permitted by" the contract.

The fact that this litigation arises out of the contract is not enough to entitle Plaintiff to an award of attorney's fees. The "permitted by" language used in paragraph 17 is narrower in scope than "arising out of" and the Court has no authority to rewrite the contract to more broadly provide for an award of fees in any

---

[3] Another provision implicitly authorizes the escrow agent to bring an "interpleader" action when there is a dispute over disbursement of the deposit or other funds held in escrow, *see* Doc. 45-1 at 6 (¶18), but that provision has no bearing on the issue currently before the Court.

[4] On the latter point, Plaintiff expressly stated in its summary judgment filings that it "has not asserted a claim for specific performance." Doc. 48 at 15.

4

litigation arising out of the contract. *Pesantes v. Kelley*, 2025 WL 611399, at *3 (Fla. 3d DCA Feb. 26, 2025) (affirming the denial of attorney's fees under an identically worded contractual provision because "the Contract specifically *limits* fee entitlement to the prevailing party in lawsuits 'permitted by' the Contract" and "[h]ad the Contract's drafters intended for a broader application of fee entitlement – that is, for a prevailing party in any lawsuit "arising out of" the Contract to be entitled to fees – the drafters would have included the … broad 'arising out of' language") (emphasis in original); *see also Dan Galasso Waste Serv., Inc. v. Hemery*, 528 So. 2d 1356, 1358 (Fla. 3d DCA 1988) ("[W]e are constrained by prevailing case law to strictly construe any provision in a contract providing for attorney's fees so as to deny such fees in close cases because an award of such fees is in derogation of the common law.")

## Conclusion

In sum, although Plaintiff is the prevailing party in this case, it is not entitled to an award of attorney's fees under the contract because this declaratory judgment action is not "litigation permitted by th[e] Contract." Accordingly, it is

**ORDERED** that Plaintiff's motion to determine entitlement to attorney's fees is **DENIED**.

**DONE and ORDERED** this 10th day of March, 2025.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**