UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

331 PARTNERS, LLC,
a Georgia Limited Liability Company,

    Plaintiff,

v.                                            Case No.: 3:23-cv-24769-TKW-ZCB

331 FREEPORT PARTNERS, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO RE-OPEN CASE AND SET BRIEFING SCHEDULE REGARDING POST-INSPECTION PERIOD

This matter previously came before the Court on Plaintiff's complaint for declaratory relief, which sought a declaration that a vacant land contract signed between the parties in July of 2021, pursuant to which Defendant was to convey 1,034 acres of vacant land to Plaintiff (the "Contract"), was valid and in effect. Plaintiff's complaint was filed on December 23 of 2023. After discovery, summary judgment briefing, and oral argument, the Court granted Plaintiff's motion for summary judgment and entered a declaration that the Contract was valid and in effect (the "Declaration"). ECF Nos. 53 & 54.

1

The Parties agree that under the Contract, Plaintiff is entitled to a twenty-four-month period to prepare for closing. Specifically, the Contract provides that closing must occur within twenty-four-months after completion of Plaintiff's inspection period (the "Post-Inspection Period"). The Parties disagree, however, as to when that twenty-four-month period begins. Recently, Defendant informed Plaintiff that Defendant's position is that the Post-Inspection Period began on July 17, 2023, and will end on July 17, 2025. Thus, Defendant contends closing must occur by July 17, 2025. By taking this position, Defendant is attempting to put Plaintiff in a classic "catch 22." On the one hand, Defendant argued for years that Plaintiff did not have a valid contract. Now, having lost that argument, Defendant is taking the position that Plaintiff should have been working toward closing all along, notwithstanding Defendant's prior litigation position to the contrary.

Plaintiff contends that the Post-Inspection Period has not yet begun. Plaintiff contends that it is entitled to a contiguous Post-Inspection Period, free from Defendant's repeated efforts to interfere with Plaintiff's work. Anything short of that is untenable and contrary to the parties' agreement, equity, and good conscience.

At the Court's February 5, 2025 hearing on summary judgment motion, it noted that this issue would have to be addressed at a later time. Plaintiff respectfully submits that the time is now. Accordingly, Plaintiff hereby moves the Court to 1)

2

reopen this case and 2) set down a briefing schedule for the parties to submit briefing on the question of the beginning and end dates of the Post-Inspection Period.

## ARGUMENT

The Court should reopen this case for the purpose of resolving the following question: when are the beginning and end dates of the Post-Inspection Period?

The Parties' Contract provides that closing of the purchase must occur no later than twenty-four months from the date of expiration of the Inspection Period (e.g., the Post-Inspection Period). As the Court will recall, the Contract does not explicitly state when the Inspection Period ends. Defendant previously argued that this made the Contract an "unending option contract to purchase land" rendering it unenforceable. In the Court's Summary Judgment Order, the Court rejected this argument based on the "Trigger Notice" mechanism set forth in the Contract. Per the Contract, the Defendant had the ability to send a "Trigger Notice," which triggered an obligation on Plaintiff's part to elect whether to proceed under the Contract. ECF 53. The Court determined that an e-mail from Defendant on June 15, 2023, constituted an effective Trigger Notice. The Court also determined that the Plaintiff's response to the Trigger Notice on July 17, 2023 constituted a timely election to proceed (the "<u>Election to Proceed</u>"). ECF 53.

What remains unclear and hotly contested among the Parties are the beginning and end dates of the Post-Inspection Period, which must be determined to identify

3

the deadline for Closing. Defendant recently sent a letter to Plaintiff[1] and asserted that the Post-Inspection Period began on July 17, 2023, and ends on July 17, 2025, and that the Closing must occur by that date.

Plaintiff disagrees. Defendant has tied up both Plaintiff and the Contract during the past two years with its efforts to avoid its contractual obligations. To wit:

- On July 17, 2023 (the same day as Plaintiff's Election to Proceed), Defendant wrote an email to Plaintiff stating that Defendant would "terminate Agreement effective immediately." ECF No. 39-12 at p.1-2.

- On August 15, 2023, Defendant again informed Plaintiff that it considered the contract terminated. *See* ECF No. 39-13 at 2. *See also* ECF No. 39-2 at 105:9–106:1.

- On December 1, 2023, Defendant sent Plaintiff a letter reiterating Defendant's position that the "Contract has been terminated." Moreover, Defendant demanded Plaintiff cease and desist from representing to any third parties that it had a contract to purchase the property at issue. ECF 39-15.

- Plaintiff then commenced this lawsuit on December 27, 2023, seeking a declaration that the Contract was valid and in effect.

---

[1] A copy is attached hereto as Exhibit 1.

- On February 5, 2025, the Court entered a declaration that: 1) that the Parties' Contract was valid and still in effect; 2) that the Trigger Notice was properly sent and timely responded to; and 3) that the parties are "now in the post-inspection period under the contract and the $250,000 earnest money deposit is now 'at risk' if Plaintiff does not close." ECF No. 54.

In the Contract, Plaintiff negotiated for a contiguous twenty-four-month Post-Inspection Period. Because of Defendant's conduct, it has been deprived of that right, and Plaintiff's position is that it should be entitled to a full twenty-four-month contiguous Post-Inspection Period.

The purpose of this motion is request that the court reopen the case and set down a briefing schedule on the issue of the beginning and end dates of the Post-Inspection Period. As part of that subsequent briefing schedule, Plaintiff will provide its argument as to why it is entitled to a contiguous twenty-four-month period. As a preview, Plaintiff notes that there are several equitable bases for such relief.

First, there is the doctrine of equitable estoppel, which precludes a party from asserting rights which may have "otherwise existed, either of property, of contract, or of remedy, as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right, either of property, of contract or of remedy." *State ex rel. Watson v. Gray*, 48 So.2d 84, 87–88 (Fla. 1950). Plaintiff

necessarily relied on Defendant's numerous representations that there was no valid by contract by filing litigation to vindicate its rights.

There is also the doctrine of judicial estoppel, which precludes "litigants from taking totally inconsistent positions in separate judicial, including quasi-judicial, proceedings." *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1066 (Fla. 2001). Defendant, having previously taken the position that there was no valid contract, cannot now take the position that Plaintiff should have been working towards closing all along.

In sum, equitable estoppel principles can apply to prevent a party from "taking self-contradictory legal positions." *Salcedo v. Asociacion Cubana*, 368 So. 2d 1337 (Fla. 3d DCA 1979). Defendant previously took the position that there was no contract in effect, rendering any performance by Plaintiff potentially futile. Now, as reflected in its most recent letter, Defendant takes the position that Plaintiff should have been working towards closing all along. "[C]ourts will not allow the practice of the "Catch-22" or "gotcha!" school of litigation to succeed," and estoppel doctrine precludes such efforts. *Salcedo v. Asociacion Cubana, Inc.*, 368 So. 2d 1337, 1339 (Fla. Dist. Ct. App. 1979).

At the hearing before the Court on February 5, 2025, the Court recognized the fact that this issue would need to be resolved, noting that "we [will have to] talk

6

about that at the end of the process."[2] In light of Defendant's April 25, 2025, letter, Plaintiff respectfully submits that the time to address the issue is now.

## CONCLUSION

Accordingly, Plaintiff requests that the Court reopen the case and set down a briefing schedule so the parties can fully brief the question of the beginning and end dates of the Post-Inspection Period.

This 5th day of June, 2025.

/s/     Stephen M. Vaughn
STEPHEN M. VAUGHN
Georgia Bar No. 219482
Admitted to practice in the NDFL
MORRIS, MANNING & MARTIN, LLP
3343 Peachtree Rd. NE, Suite 1600
Atlanta, Georgia 30326

CHARLES T. WIGGINS
Florida Bar No. 220000
ctw@beggslane.com
MATTHEW P. MASSEY
Florida Bar No. 1008337
mpm@beggslane.com
BEGGS & LANE RLLP
501 Commendencia Street
Pensacola, FL  32502
T: (850) 432-2451
F: (850) 469-3331
*Attorneys for 331 Partners, LLC*

---

[2] Transcript of February 5, 2025 hearing, attached hereto as Exhibit 2, at 10:22-23.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

The undersigned hereby certifies that prior to filing this Motion, undersigned attempted in good faith to resolve the issues raised therein through a meaningful conference with opposing counsel, but that no resolution could be reached.

/s/    *Stephen M. Vaughn*
STEPHEN M. VAUGHN
Georgia Bar No. 219482
Admitted to practice in the NDFL

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

This document complies with the 8,000 word-count limit of Local Rule 7.1(F) because it contains 1,319 words, excluding those portions exempted under the rule.

/s/    *Stephen M. Vaughn*
STEPHEN M. VAUGHN
Georgia Bar No. 219482
Admitted to practice in the NDFL

## CERTIFICATE OF SERVICE

I CERTIFY that this document has been filed via CM/ECF for electronic distribution to the following counsel on June 5, 2025:

WILLIAM R. SICKLER
Fla. Bar No.: 0070639
robbie@guildaylaw.com
COLLEEN D. MULLEN
Fla. Bar No.: 100327
colleen@guildaylaw.com
GUILDAY LAW, P.A.
1983 Centre Pointe Blvd., Suite 200
Tallahassee, FL 32308
Tel: (850) 224-7091
Attorneys for 331 Freeport Partners, LLC

                                                                     */s/   Stephen M. Vaughn*
                                                                      STEPHEN M. VAUGHN
                                                                      Georgia Bar No. 219482
                                                                      Admitted to practice in the NDFL