UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**331 PARTNERS, LLC**,

    **Plaintiff**,

v.                                         Case No. 3:23cv24769-TKW-ZCB

**331 FREEPORT PARTNERS, LLC**,

    **Defendant**.

_____/

## ORDER DENYING MOTION TO REOPEN CASE

This case is before the Court based on Plaintiff's motion to reopen case (Doc. 65) and Defendant's response in opposition (Doc. 67). No hearing is needed to rule on the motion.

The Court entered a declaratory judgment in this case on February 5, 2025, resolving the issues raised in the complaint. *See* Docs. 53, 54. Four months later, Plaintiff filed a motion to reopen the case to address an issue that was not specifically raised in the complaint but that was acknowledged by the parties (and the Court) as something that would need to be resolved at some point—namely, when did the two-year "post-inspection period" begin and when does it end. *See* Doc. 65-2 at 10, 82-84.

The Court anticipated that the parties would return to the negotiating table after the declaratory judgment was issued to discuss when the post-inspection period

would end. *Id.* at 83-84.  That apparently did not happen, or if it did, the parties reached an impasse.  That is unfortunate because the parties are now back in a litigation posture rather than working to collaboratively bring the contract to an end—one way or the other.[1]

Defendant now takes the position that the post-inspection period ends next month because it commenced when Plaintiff responded to the "trigger notice" in July 2023.  *See* Doc. 65-1.  It is hard to equitably square that position with Defendant's litigation position in this case that the trigger notice was ineffective and that the contract was no longer in effect during the pendency of the case,[2] but Plaintiff did not cite any rule that would permit the Court to reopen this case to adjudicate that (or any other) issue at this point.

The only rule that authorizes the Court to reopen a case more than 28 days after judgment is entered is Fed. R. Civ. P. 60(b).  However, that rule does not "permit parties to … raise new claims or defenses that could have been asserted during the litigation of the case."  *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d

---

[1] On June 20, 2025, Defendant filed a new case in this Court seeking a declaratory judgment regarding the date the post-inspection period ends.  *See* Doc. 67-1.  That case is currently assigned to Judge Rodgers, but Defendant represented that it intends to ask her to transfer the case to me.  *See* Doc. 67 at 3 n.2.

[2] I need not decide how, if at all, the equities play into the determination of the end-date for the post-inspection period to resolve the motion to reopen and I will keep an open mind on that issue (and all others) if the new declaratory judgment action is transferred to me.

1253, 1291-92 (11th Cir. 2004) (Tjoflat, J., specially concurring in part and dissenting in part).

The only provision of Rule 60(b) that could conceivably be implicated here is paragraph (6). "Relief under [that paragraph] requires extraordinary circumstances," *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1619 (2025), and a party seeking relief under that paragraph has the "burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)).  Plaintiff did not even attempt to make that showing.

Accordingly, it is **ORDERED** that Plaintiff's motion to reopen case (Doc. 65) is **DENIED**.

**DONE and ORDERED** this 23rd day of June, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**